# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

WANDA J. PRUITT, )
    Plaintiff, )
)
v. ) No. 3:08-CV-373
) (Phillips)
CITIZENS NATIONAL BANK, )
    Defendant. )

## MEMORANDUM AND ORDER

Plaintiff Wanda Pruitt alleges that the defendant, Citizens National Bank (CNB), terminated her so she could be replaced with a younger person, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101 *et seq.* CNB responds that it lawfully terminated Pruitt after receiving a complaint of harassment about Pruitt from one of its employees and after conducting a thorough investigation of the allegations of that complaint.

Before the court is CNB's motion for summary judgment [Doc. 8]. Pruitt has responded in opposition [Doc. 11]. For the reasons which follow, CNB's motion for summary judgment will be denied.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party may discharge its burden by demonstrating that its opponent has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the nonmoving party must submit probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.,*, 477 U.S. 242, 249-50 (1986). "In deciding upon a motion for summary judgment, [the court] must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *National Enterprises., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). The court's task at this juncture is "to determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *C.T. Massey v. Exxon Corp.,* 942 F.2d 340, 342 (6th Cir. 1991).

The ADEA prohibits an employer from failing or refusing to hire, discharging or discriminating, "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1).[1] The plaintiff must prove that age was the "but-for" cause of the employer's

---

[1] For the purposes of summary judgment, because Pruitt's claim under the THRA requires the same standard of proof as it does under the ADEA, the THRA claim will not be analyzed separately. *See Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 464 (6th Cir. 2001).

adverse decision. *Gross v. FBL Financial Services,* 129 S. Ct. 2343, 2350 (2009). The plaintiff may establish a violation of the ADEA by either direct or circumstantial evidence. *See Martin v. Toledo Cardiology Consultants, Inc.,* 548 F.3d 405, 410 (6th Cir. 2008).

In support of the motion for summary judgment, CNB states that on March 19, 2008, Angie Taylor, Vice President and Director of Human Resources for CNB, received a telephone call from Adriane Bunch complaining about Pruitt's inappropriate, harassing conduct directed to subordinate employees at the Dandridge Branch, which Pruitt managed. Taylor went immediately to the Dandridge Branch to begin an investigation. Taylor personally interviewed every employee present at the Dandridge Branch that day, including Amanda Etherton, Brenda Williamson, Amy Lane, Tiffany Bowman, Adriane Bunch and Marc Lamb. Taylor also spoke to Vivian Smith by telephone because Smith was on vacation at the time. Later, Taylor spoke to Leslie Adams when Adams returned from vacation on March 24. CNB states that each employee, with the exception of Marc Lamb, described a number of specific incidents about Pruitt corroborating the hostile and harassing conduct described in Bunch's phone call to Taylor.

CNB states that Taylor's investigation included reviewing bank records and discussing the matter with other bank employees who had knowledge of employees who had worked at the Dandridge Branch but had left. Taylor determined that Greta Beeler and Regina Walker had left the Dandridge Branch because of the stress in the branch. Taylor prepared a memorandum recommending to David Verble, President and Chief Executive Officer of CNB, that Pruitt be terminated. Pruitt was terminated by CNB on March 25, 2008 for "creating a hostile work environment." CNB argues that because the bank has shown

3

a valid, nondiscriminatory reason for terminating Pruitt, the motion for summary judgment should be granted and this case dismissed.

Pruitt, on the other hand, submits that there is both direct and circumstantial evidence of age discrimination, and there is strong evidence of pretext in the record, sufficient to raise a jury question in this case. Pruitt states that during her employment with CNB, she received regular raises and was never written up, and there were no complaints about her until the one from Bunch that resulted in her termination. Pruitt testified that when Taylor arrived at the Dandridge Branch on March 19, Taylor told Pruitt that there had been a "harassment complaint" against her. Pruitt also testified that "Angie asked me that day what my goals were and when was I going to retire." "Her [Taylor's] answer was I think a younger person could do a better job." "And, she said the bank could throw me a retirement party because sometimes it was best to just move aside and turn things over to a younger person."

Pruitt states that prior to the March complaint, in late December 2007, Bunch had refused to sign her evaluation and complained to Taylor because she wanted to be promoted and wanted a bigger raise. After Bunch's complaint, Pruitt had a private conversation with Taylor during which Taylor said "I think Adriane's problem with you is your age because you are so much older."

In a supplement to her memorandum in opposition to summary judgment, Pruitt submitted the deposition testimony of Wes Farragut, who supervised Pruitt for about

4

two years up to January 28, 2008, less than 60 days prior to her termination. During the time Farragut supervised Pruitt, he stated he would visit the Dandridge Branch at least every two weeks. He testified that Pruitt was a good branch manager, and as far as he knew, up to the date he resigned, she had a good relationship with her employees. Farragut further testified that during the time he was branch administrator employees complained about their branch managers "virtually daily" because with eighteen branches, "you are always going to have someone upset." He stated that the typical complaints were similar to the complaints made against Pruitt, "their manager treated somebody unfairly or various things."

Considering this evidence in the light most favorable to Pruitt, and the record as a whole, the court finds that there exists genuine issues of material fact as to whether CNB's proffered reason for Pruitt's termination was a pretext to mask unlawful discrimination. On a motion for summary judgment, the court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). Whether CNB had a legitimate and nondiscriminatory reason for terminating Pruitt or terminated her for an improper reason is an issue of fact for jury deliberation. At this juncture in the proceedings, Pruitt has presented more than a scintilla of evidence to support each element of her claim and there are genuine issues as to material facts in dispute in this case. *Street v. J.C. Bradford Co.*, 886 F.2d 1472 (6th Cir. 1989); *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991). Accordingly, CNB's motion for summary judgment [Doc. 8] is **DENIED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge