# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| WANDA J. PRUITT,<br>    Plaintiff,<br><br>v.<br><br>CITIZENS NATIONAL BANK,<br>    Defendant. | No. 3:08-CV-373<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on pretrial motions filed by the parties: (1) CNB's motion in limine [Doc. 47]; (2) CNB's second motion in limine [Doc. 59]; (3) CNB's third motion in limine [Doc. 60]; (4) CNB's motion to reconsider denial of summary judgment [Doc. 52]; and (5) plaintiff's motion to exclude CNB's Exhibit 8 [Doc. 67].

1. CNB moves to exclude from trial a statement allegedly made by Angie Taylor, Vice President and Director of Human Resources for CNB. In her deposition, plaintiff testified:

> And Angie said I think Adrienne's problem with you is your age because you're so much older.

CNB asserts this statement should be excluded pursuant to Fed. R. Evid. 402 because it is irrelevant, or excluded pursuant to Fed. R. Evid. 403 because its admission would result in unfair prejudice to CNB [Doc. 47]. Pruitt responds that this remark should not be excluded because it is highly probative of age discrimination. The remark was made by

Taylor, a decisionmaker, less than three months prior to Pruitt's termination; and it was made in connection with a complaint made by Adrienne Bunch, who was the person who filed subsequent complaints resulting in Pruitt's termination. The court agrees with plaintiff that the evidence is relevant and admissible under Fed. R. Evid. 402 and 403. CNB's motion in limine [Doc. 47] is **DENIED**.

2. CNB moves for an order prohibiting Pruitt from introducing plaintiff's Exhibits 3 and 40 at trial [Doc. 43]. Exhibit 3 is a comparison of age distribution of CNB branch managers as of May 25, 2008 and as of July 25, 2008. Exhibit 40 is a chart indicating the age distribution of CNB branch managers promoted/hired after January 28, 2008 until June 16, 2009. CNB contends that although March 25, 2008 is the date when plaintiff was terminated by CNB, defendant states that the date of June 16, 2009, some four months later, is not relevant to any issues before the court. Therefore, CNB argues that plaintiff's Exhibit 3 should be excluded at trial because it is irrelevant, misleading, and unfairly prejudicial.

Plaintiff responds that the exhibits were compiled from information derived from CNB's answers to plaintiff's interrogatories to CNB; CNB does not assert that the information contained on the exhibits is inaccurate; but simply asserts that the exhibits are irrelevant or unfairly prejudicial. Plaintiff states that although she is not making a "disparate impact" claim, pattern and practice evidence is relevant to proving "an otherwise viable individual claim for disparate treatment." *Bacon v. Honda of America Mfg.,* 370 F.3d 565, 575 (6th Cir. 2004). Exhibit 3 shows a shift in the age distribution toward younger

2

employees, and Exhibit 40 shows that after the decisionmaker became Branch Administrator, six people were either hired or promoted to become Branch Manager and not one was over forty. Plaintiff argues this circumstantial evidence is probative and should be admitted at trial.

The court has reviewed the proffered exhibits and agrees with plaintiff that Exhibits 3 and 40 are probative of her claims, are not unfairly prejudicial to CNB, and therefore, are admissible at trial. CNB's second motion in limine [Doc. 59] is **DENIED.**

3. CNB moves for an order excluding plaintiff's Exhibit 4 at trial [Doc. 60]. Exhibit 4 is a chart purporting to show that the average age of the staff at the Dandridge Branch at the time of Pruitt's termination was 34.5 years. CNB contends that this information is unfairly prejudicial to CNB and likely to confuse or mislead the jury at trial.

Exhibit 4 has not been presented to the court for review. Accordingly, the court will not make any blanket ruling precluding this evidence in advance of trial. Thus, CNB's third motion in limine [Doc. 60] is **DENIED** at this time, subject to renewal at trial. The parties are instructed to take this matter up with the court, out of the presence of the jury, and the court will rule upon the admissibility of such evidence at that time. *See* Rule 103(c), Federal Rules of Evidence.

4. CNB moves the court to reconsider its order denying CNB's motion for summary judgment [Doc. 52]. Pruitt has responded in opposition stating that this court

correctly found that there are contested facts from which a reasonable jury could conclude that age was the determining factor in CNB's decision to terminate her [Doc. 56].

The court has reviewed CNB's motion for reconsideration, and it appears that the basis for the motion is to correct a perceived error in the court's reasoning. Specifically, CNB contends that the court erred in denying its motion for summary judgment on plaintiff's ADEA claim. Having considered CNB's motion for reconsideration, the court finds that there are no grounds to grant the relief sought. Although CNB has asserted a legitimate nondiscriminatory ground for Pruitt's termination, there is sufficient evidence in the record which, if proven at trial, could result in a jury finding that CNB's proffered reason for Pruitt's termination was a pretext to mask unlawful discrimination, and that Pruitt was terminated because of her age. Whether CNB had a legitimate nondiscriminatory reason for terminating Pruitt or terminated her for an improper reason is an issue of fact for jury deliberation. The court finds that there was no clear error in its findings or conclusions of law. Therefore, CNB's motion for reconsideration [Doc. 52] is **DENIED.**

5. Plaintiff moves for an order excluding CNB's Exhibit 8 at trial. Exhibit 8 is a memorandum prepared by Angie Taylor, purporting to explain the reasons why plaintiff was terminated. Plaintiff states that the memorandum was prepared for submission to the EEOC long after plaintiff's termination. Plaintiff argues that the memorandum is not relevant, but merely a self-serving defense of CNB's discriminatory actions.

Exhibit 8 has not been presented to the court for review. Accordingly, the court will not make any blanket ruling precluding this evidence in advance of trial. Thus, plaintiff's motion to exclude CNB's Exhibit 8 [Doc. 67] is **DENIED** at this time, subject to renewal at trial. The parties are instructed to take this matter up with the court out of the presence of the jury and the court will rule upon the admissibility of such evidence at that time. *See* Rule 103(c), Federal Rules of Evidence.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge